UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY PIERCE, et al.,

    Plaintiffs,

v.                                              Case No. 06-12626
                                              Hon. Sean F. Cox

MARK O. WITTENMYER,

    Defendant.
_____/

## **ORDER**

This matter is before the Court on Plaintiffs' Motion for summary judgment. Because new arguments were raised in Plaintiffs' Reply brief, Defendant must be given an opportunity to respond before the Court can rule. Further, having reviewed Plaintiffs' Reply, additional briefing is required.

The parties are to submit additional briefing, limited to ten (10) pages, regarding the following issues:

    **A.**    **"Deadman" Statute**

Plaintiffs argue that even if the parol evidence rule does not preclude consideration of Defendant's affidavit, it is precluded on several other grounds. Plaintiffs argue that Defendant's affidavit is inadmissible under Michigan's "deadman" statute. Pursuant to FRE 601, when state substantive law is applied to an element of a claim or defense, the competency of a witness is determined according to state law. Plaintiff's rely on MCL 600.2166:

    In an action by or against a person incapable of testifying, a party's own

1

> testimony shall not be admissible as to any matter which, if true, must have been equally within the knowledge of the person incapable of testifying, unless some material portion of his testimony is supported by some other material evidence tending to corroborate his claim.

Under MCL 600.2166, the so-called "deadman's" statute, Plaintiff contends any testimony from Defendant is inadmissible because the supposed additional term would also have been equally within the knowledge of Patrick. Further, Defendant fails to present any other evidence corroborating the alleged additional term.

However, it is unclear whether MCL 600.2166 is applicable following the enactment of MRE 601:

> Unless the court finds after questioning a person that the person does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably, every person is competent to be a witness except as otherwise provided in these rules.

After its enactment, it was asserted that MRE 601 impliedly abrogated MCL 600.2166. *Dahn v. Sheets*, 104 Mich.App. 584, 588 (Mich.App. 1981). The rationale was that when a rule of evidence and a statute conflicted, matters involving judicial practice and procedure take precedence over conflicting statutes, and so, MRE 601 applied. *Dahn*, 104 Mich.App. at 588-589 (citing *Perin v. Peuler*, 373 Mich. 531, 541-542 (1964)). However, in *McDougall v. Schanz*, 461 Mich. 15 (1999), the Michigan Supreme Court narrowed its authority with respect to "judicial practice and procedure."

In *McDougall*, the court determined that MRE 702 regarding expert testimony, and MCL 600.2169, which provided additional requirements for experts in medical malpractice cases, conflicted. Under the court's prior precedent, the court's constitutionally provided authority regarding practice and procedure included all rules of evidence. It is undisputed that authority to

determine rules of practice and procedure rests exclusively with the Michigan Supreme Court. *Id*. at 26. However, the court acknowledged that its authority extends *only* to matters of practice and procedure. *Id*. at 27. **Rather than presuming that all statutes in conflict with rules of evidence were abrogated, the court held that a determination must be made as to whether the statute addresses purely procedural matters or substantive law.** The court overruled *Perin, supra*, holding that that case overstated the reach of the court's rule making authority by not making a distinction between "practice and procedure" and substantive law. *McDougall*, 461 Mich. at 29. The court held that a statutory rule of evidence was only abrogated by the court's rulemaking authority where "no clear legislative policy reflecting considerations other than judicial dispatch of litigation can be identified." *Id*. at 30 (citation omitted). The court went on to find that under its clarified approach, MCL 600.2169 was an enactment of substantive law even though it directly affected the admissibility of evidence. *Id*. at 35-36.

Plaintiffs argue that by analogy, MCL 600.2166 is not abrogated by MRE 601. However, **Plaintiffs do not address whether it is procedural or substantive**. Because Plaintiffs did not raise this argument until their reply brief, Defendant did not have an opportunity to respond. **Accordingly, both parties are ordered to submit additional briefing on the issue of whether MCL 600.2166 is procedural or substantive, such that MRE 601 does, or does not, abrogate MCL 600.2166.**

      **B.**      **Statute of Frauds**

Plaintiffs argue that the Michigan statute of frauds precludes consideration of the agreement alleged by Defendant because he does not offer a writing. See MCL 566.132 (1) and MCL 566.1. However, "if the terms of a contract are not severable, and a part of a contract is

determine rules of practice and procedure rests exclusively with the Michigan Supreme Court. *Id*. at 26. However, the court acknowledged that its authority extends *only* to matters of practice and procedure. *Id*. at 27. **Rather than presuming that all statutes in conflict with rules of evidence were abrogated, the court held that a determination must be made as to whether the statute addresses purely procedural matters or substantive law.** The court overruled *Perin, supra*, holding that that case overstated the reach of the court's rule making authority by not making a distinction between "practice and procedure" and substantive law. *McDougall*, 461 Mich. at 29. The court held that a statutory rule of evidence was only abrogated by the court's rulemaking authority where "no clear legislative policy reflecting considerations other than judicial dispatch of litigation can be identified." *Id*. at 30 (citation omitted). The court went on to find that under its clarified approach, MCL 600.2169 was an enactment of substantive law even though it directly affected the admissibility of evidence. *Id*. at 35-36.

Plaintiffs argue that by analogy, MCL 600.2166 is not abrogated by MRE 601. However, **Plaintiffs do not address whether it is procedural or substantive**. Because Plaintiffs did not raise this argument until their reply brief, Defendant did not have an opportunity to respond. **Accordingly, both parties are ordered to submit additional briefing on the issue of whether MCL 600.2166 is procedural or substantive, such that MRE 601 does, or does not, abrogate MCL 600.2166.**

    **B.**    **Statute of Frauds**

Plaintiffs argue that the Michigan statute of frauds precludes consideration of the agreement alleged by Defendant because he does not offer a writing. See MCL 566.132 (1) and MCL 566.1. However, "if the terms of a contract are not severable, and a part of a contract is

within and part is outside the statute of frauds, the entire contract is unenforceable...[w]here a portion of a contract within the statute of frauds is severable from a part of the contract outside the statute, the severable portion alone will be rendered unenforceable." *Dumas v. Auto Club Insurance Association*, 437 Mich. 521, 537 (1991). **Plaintiffs do not address whether the alleged additional terms of the agreement are severable**. If they are not, the statute of frauds may invalidate the entire agreement, not just the terms proposed by Defendant. Because Plaintiffs raised this issue for the first time in their Reply brief, Defendant did not have an opportunity to respond.

**Thus, both parties are ordered to submit additional briefing on the issue of whether the proposed contractual terms averred to by Defendant are severable from the rest of the Notes.**

The parties' ten page briefs, addressing only the two arguments outlined above, are due on or before 12:00 p.m. May 25, 2007.

**IT IS SO ORDERED.**

s/Sean F. Cox
**Sean F. Cox**
**United States District Judge**

**Dated: May 16, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on May 16, 2007, by electronic and/or ordinary mail.**

s/Jennifer Hernandez
**Case Manager**